The testator, some time after the execution of the will, with an intention of passing to the said Frederic, immediately, all the interest and benefit which he intended him to (10) take under the will, and having in the interim advanced considerable sums of money to him, by deed, in consideration *Page 10 
of affection and twenty shillings, conveyed the lands mentioned in the will, and ten acres more, to Frederic, in fee simple, "as a portion oftestator's estate."
The bill charges that the said conveyance was, at the time of its execution, understood and intended to be in full and complete satisfaction of all benefit intended to the said Frederic by the will; and that it was understood by the parties that the said Frederic was to relinquish all further claim on his father's estate by the will or otherwise.
The testator died, his will was proved; the widow died, and the executor sold the personal property bequeathed to her, as directed by the will. The present defendant, some years afterwards, preferred a petition to the County Court of Wake, praying a decree for the deficiency in value between the land devised and conveyed to him as aforesaid, and that devised to each of his brothers, and had a decree to that amount. The complainants prayed for and obtained an injunction.
No circumstances of surprise, accident orfraud appear to have intervened in this case to prevent the party from having a full hearing in the County Court, upon the points which form the ground of the application to the Court of Equity. Of these points the County Court, (11) upon petition, have equal and concurrent jurisdiction with the Court of Equity. The bill is, therefore, dismissed with costs.
Cited: Iredell v. Langston, 16 N.C. 395.